Thos. Pipitone, Inc., and Others, Appellants, *v.* Pipitone Sales Corporation and Another, Respondents.

First Department, May 20, 1932.

*Samuel F. Frank* of counsel [*Frank, Weil & Strouse,* attorneys], for the appellants.

*Joseph Joffe* of counsel [*Louis Joffe* with him on the brief; *Joffe & Joffe,* attorneys], for the respondents.

Martin, J. By this action the plaintiffs seek to restrain the defendants from using the trade-mark, trade name or brand " Vitas " on imported grocery products, principally olive oil and canned goods.

For a number of years the defendant Thomas Pipitone was engaged in the food products and grocery business at No. 120 Hudson street, New York city. On January 11, 1926, he completed the formation of a corporation known as Thos. Pipitone, Inc., to take over and carry on the business which he, prior to that time, had been conducting as an individual.

On April 5, 1924, about two years prior to the formation of the corporation, Thomas Pipitone, as an individual, had obtained a certificate of registration of the trade-mark " Vitas," stating in the application therefor that he was " doing business as Vitas Packing Co." at No. 120 Hudson street, New York city.

Upon the formation of the corporation Thomas Pipitone took the entire issue of 1,500 shares of stock and then allotted 10 shares each to his attorney and to an employee. He retained the ownership of the majority of the shares of the corporate stock and acted as president of the corporation from the time of its formation.

In transferring his individual business to the corporation in exchange for its stock Thomas Pipitone signed an offer and a bill of sale. These documents set forth that in consideration of the · receipt by him of 1,500 shares of the corporate stock of the par value of $100 each he transferred to the corporation his " food products business, * * * consisting generally of all stock on hand and in transit, office furnishings and fixtures, trucking and delivery equipment, trademarks, trade names, brands, books, contracts, bills and accounts receivable, cash on hand, and in the banks, the good will thereof, * * * and all other property of every name and description connected with or used in the conduct of said business."

" Vitas " was the only trade-mark or trade name owned by Thomas Pipitone, and the only one that he had ever registered at that or any other time. The merchandise bearing the name and brand " Vitas " was not manufactured by either Thomas Pipitone or Thos. Pipitone, Inc. It was manufactured, packed and supplied by producers abroad who put it in cans or packages on which the word " Vitas " was printed or stamped.

· After the formation of the corporation the business was continued at the same address, No. 120 Hudson street, New York city, until March, 1930, when, the corporation being unable to pay its bills, a committee of creditors was formed. Trustees were appointed to collect the assets of the corporation, reduce the same to cash and distribute it ratably among the creditors of the business. Thereafter the trustees sold all the assets of the corporation to the plaintiff Cellas, Inc. Thomas Pipitone turned over a majority of the shares of stock of the corporation to the trustees, who elected themselves officers and executed a bill of sale on behalf of Thos. Pipitone, Inc., to Cellas, Inc.

This bill of sale transferred to the plaintiff Cellas, Inc., the following: " All goods, stock in trade and merchandise belonging to the said corporation, * * * all furniture and fixtures of the said Thomas Pipitone, Inc., * * * all trade-marks, tradenames and other rights to marks and labels used by the said Thomas Pipitone, Inc., and/or belonging to or registered by it, and in its name on the 19th day of March, 1930, * * * together with the lists of customers, good-will and established business of the said Thomas Pipitone, Inc."

Thereafter Thomas Pipitone entered the employ of the plaintiff Cellas, Inc., and for two months he continued to sell " Vitas " brand goods and then he left the employ of the plaintiff Cellas, Inc., and formed the defendant Pipitone Sales Corporation. He individually and under the corporate name used the word " Vitas "

as a trade-mark, trade name or brand and caused food products bearing that name to be imported into the United States.

The court in dismissing the complaint found as conclusions of law that Thomas Pipitone never parted with title to the trade-mark " Vitas," and that, therefore, neither Thos. Pipitone, Inc., nor the other plaintiffs, as successors thereto, became the owner thereof.

The appellants contend that the court overlooked the fact that by the bill of sale all trade-marks, trade names and the good will of the business were transferred and that the only trade-mark or trade name which Thomas Pipitone had to transfer was the one consisting of the word " Vitas."

It seems clear from the record that when the defendant Thomas Pipitone sold all his property and his business, including trade-marks, trade names and brands, to the corporation and took 1,500 shares of stock therefor, he disposed of the trade-mark or trade name " Vitas." Thereafter, when the committee of creditors of the corporation appointed trustees who sold everything the corporation owned, Cellas, Inc., the purchaser thereof, became the owner of all the assets that Thos. Pipitone, Inc., possessed, which necessarily included all the assets of the business which had been conducted by the defendant Thomas Pipitone as an individual.

The plaintiff Cellas, Inc., is entitled to an injunction restraining the defendants from continuing to use the trade-mark " Vitas." As to the other plaintiffs, who disposed of any rights they had in the matter, the complaint was properly dismissed.

The judgment, therefore, should be modified accordingly, and as so modified affirmed, with costs to the plaintiff Cellas, Inc., against the defendants in this court and at Special Term.

FINCH, P. J., MERRELL, McAVOY and TOWNLEY, JJ., concur.

Judgment modified as directed in opinion and as so modified affirmed, with costs to the plaintiff Cellas, Inc., against the defendants in this court and at Special Term. Settle order on notice, reversing findings inconsistent with this determination and containing such new findings of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.